[No. 38927-1-I.   Division One.   December 22, 1997.]

JOHN M. WASCISIN, ET AL., *Petitioners*, v. STEVEN OLSEN, ET AL., *Respondents*.

---

*David G. Porter*, for petitioners.
*C. Thomas Moser II*, for respondents.

PER CURIAM — John and Eileen Wascisin appeal a Skagit

County trial court order dismissing all but two of their claims against respondents after determining they were time-barred under the Camping Resorts Act, which provides for a two year statute of limitations period for all suits brought "under this section." But because the unambiguous language of that statute makes clear that it does not specifically bar claims not brought under the act, we reverse in part.

## FACTS

After viewing a presentation offered by Advance Resort of America, the Wascisins purchased a camper club membership and entered a contract to that effect on October 11, 1992. After allegedly experiencing numerous problems connected to their membership, the Wascisins sued defendants on August 1, 1995. They alleged causes of action for: (1) fraud, based on factual misrepresentations, (2) breach of contract and express and implied warranties, (3) that the contract was void,[1] (4) breach of duty of good faith and fair dealing, (5) intentional breach of contract, (6) negligent misrepresentation, (7) breach of fiduciary duty, (8) violation of RCW 19.105, the Camping Resorts Act, and (9) violation of the Consumer Protection Act. Defendants moved to dismiss all of the causes of action based on RCW 19.105.400, arguing the suit was time-barred by the statute's two-year limitation period. The court ruled that the statute applied and dismissed all causes of action except for numbers 7 and 9. The court allowed the other causes to the extent that each was based on conduct by the defendants subsequent to the inception of the contract.

## DECISION

The primary issue presented here is that of statu-

---

[1]We note that this cause of action is based on common law as well as the Camping Resort Act. To the extent it is made under the Act, the claim is barred.

tory interpretation.[2] That is, whether RCW 19.105.400 acts to bar any suit on a camping resort contract after two years. There is as yet no case law interpreting this provision. We, however, construe a statute according to its plain language, and statutory construction is unnecessary and improper when the wording of a statute is unambiguous.[3] The language at issue here is not ambiguous. As a result, its plain meaning controls and resort to legislative history is not necessary or appropriate.

RCW 19.105.400 reads as follows:

> Any camping resort contract entered into in violation of this chapter may be voided by the purchaser and the purchaser's entire consideration recovered at the option of the purchaser, but no suit under this section may be brought after two years from the date the contract is signed.

The respondents argue that the court correctly interpreted the above language to mean that no suit arising from the execution of a camping resort contract can be brought after the two year limitation period. We disagree.

██ A plain reading of the statutory language indicates that the two year limitation period applies only to suits brought "under this section." That section allows a purchaser to void a contract entered into in violation of RCW 19.105. The provision does not specifically bar all suits on the contract brought after a two-year period.

In addition, the Act provides that its remedies are "cumulative and nonexclusive." RCW 19.105.910 of the Act provides that

---

[2]The Wascisins also contend that the trial court erred by "failing to preserve the record of the calendar" on which their motion to dismiss was heard. In support of their apparent argument that the court had a duty to provide a court reporter to record the argument, they cite to article IV, section 11 of the Washington State Constitution which generally provides that the "supreme court and the superior courts shall be courts of record[.]" They however offer no meaningful argument or specific authority supporting their claim. "Naked castings into the constitutional sea" do not merit judicial consideration and we decline to address this contention. *In re Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986) *citing United States v. Phillips*, 433 F.2d 1364 (8th Cir. 1970).

[3]*ITT Rayonier v. Dalman*, 67 Wn. App. 504, 509, 837 P.2d 647 (1992).

Except as specifically provided in RCW 19.105.510, the provisions of this chapter are cumulative and nonexclusive and do not affect any other remedy available at law.

Under respondents' interpretation, this subsection would be merely surplusage. Such an interpretation is contrary to a basic maxim of statutory construction: whenever possible, a statute must be interpreted so as to give all of its language meaning.[4]

By using the words, "under this section," in RCW 19.105.400, and by providing that the remedies provided by the chapter are cumulative and nonexclusive in RCW 19.105.910, the Legislature clearly intended to create an additional remedy, voiding the contract, but limiting that remedy to a two-year period. We hold therefore that the court erred in dismissing causes of action 1 through 6, and reverse as to those claims. We affirm as to cause of action number 8 alleging violation of the Camping Resorts Act since that claim is time-barred under RCW 19.105.400.

■ The Wascisins also seek attorney fees and costs under RCW 4.84.330, which provides for reasonable attorney fees to the prevailing party in an action on a contract or lease. Alternatively, they seek an award as the prevailing party under the Consumer Protection Act and RCW 19.170, the promotional advertising of prizes act. Respondents provide no response. The Wascisins' request is premature.

"In Washington, the prevailing party is the one who receives judgment in that party's favor."[5] Judgment has not been entered here. The Wascisins' request for attorney fees and costs is deferred until judgment.

The court's order with respect to causes of action 1, 2, 4, 5 is reversed. The dismissal of cause of action number 3 is

---

[4]*Xieng v. Peoples Nat'l Bank*, 120 Wn.2d 512, 530, 844 P.2d 389 (1993).

[5]*Blair v. Washington State Univ.*, 108 Wn.2d 558, 571, 740 P.2d 1379 (1987); *see* RCW 4.84.330.

445

also reversed to the extent that it is based on common law. The dismissal of cause of action number 8 is affirmed.

Review denied at 136 Wn.2d 1003 (1998).